Charles G. Tierney, J.
Petitioner moves for an order striking out and removing from the records of the Board of Elections of the City of New York, the designating petition of respondent, Harrison J. Goldin, for the office of State Senator, 34th Senate District, County of Bronx, State of New York, on the following grounds, the factual basis of which is conceded: (1) Said respondent is not now nor will he have been a resident of said Senate district for the 12 months’ period immediately preceding the election; (2) the sheets of Volume II of said respondent’s petition are not numbered consecutively, in that sheets numbered 32 and 151 thereof containing 10 and 15 signatures respectively, are for a candidate for an office other than Senator, 34th 'Senate District. If the absence of sheets numbered 32 and 151 is considered a failure to number consecutively, then the signatures appearing on the sheets following sheet number 31 must be invalidated and said respondent’s petition fails for insufficiency of signatures.
The residency requirements for election to the State Legislature, are set forth in section 7 of article III of the New York State Constitution which, insofar as applicable, states as follows: “ No person shall serve as a member of the legislature unless he or she is a citizen of the United States and has been a resident of the state of New York for five years, and, except as hereinafter otherwise prescribed, of the assembly or senate district for the twelve months immediately preceding his or her election; if elected a senator or member of assembly at the first election next ensuing after a readjustment or alteration of the senate or assembly districts becomes effective, a person, to be eligible to serve as such, must have been a resident of the county in which the senate or assembly district is contained for the twelve months immediately preceding his or her election.”
In clear and unambiguous language this provision of the New York State Constitution has provided that in an election next *660 ensuing after a readjustment of Senate districts becomes effective, the requirement of 12 months’ residency in the Senate district is not applicable and a person need only be a resident of the county in which the Senate district is located for 12 months.
Petitioner contends that the county residency requirement is in addition to the requirement that there be a residency in the Senate district. To construe the quoted section of the Constitution so would be to thwart the manifest intent of the language.
Further, such a construction would render the requirement of a county residency superfluous. Residency in the Senate district, of necessity, includes a residency in the county in which the district is contained.
Petitioner further contends that the provision containing the waiver of the requirement of residency in the district is not applicable because the contingency upon which it is premised, i.e., an effective readjustment or alteration of the district, has not occurred. In support of this position, petitioner relies upon the Court of Appeals’ ruling (Matter of Orans, 15 N Y 2d 339 [1965]) that the reapportionment under which the forthcoming election is to be held is invalid. However, the Federal court has approved the plan of reapportionment and has mandated an election pursuant thereto. This court finds that there has been in fact an effective readjustment of Senate districts within the intent of section 7 of article III of the New York State Constitution.
The issue before this court is not the constitutionality of the plan of reapportionment but rather whether such reapportionment is effective. As to the latter point, there can be no doubt.
Insofar as petitioner’s contention that said respondent’s sheets of Volume II are not numbered consecutively, it appears that two sheets designating a candidate for another office were inadvertently included and numbered with the sheets of said volume. To strike the 157 otherwise valid sheets containing over twice the requisite number of signatures for an oversight so insignificant, in an instance in which no fraud is involved, would be to exalt form at the expense of substance. This court finds that there is no substantial violation of the requirement of section 135 of the Election Law that the pages of a petition be numbered consecutively. (Matter of Lamula v. Power, 13 N Y 2d 873 [1963].)
Accordingly, this motion is in all respects denied.